E-Filed 7/26/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL KERSHAW,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.  16-cv-02221-HRL<br><br>**ORDER REASSIGNING CASE**<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

Plaintiff Russell Kershaw ("Kershaw") filed a small-claims case against Dr. Rajshree Bongale in the Superior Court of California for the County of Santa Clara for "libel, [h]arassment, and medical fraud." Dkt. No. 1 at 6. The United States removed the case to this court under the federal-officer removal statute, 28 U.S.C. § 1442, and under the removal provision of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2679(d)(2). The U.S. Attorney General certified that Dr. Bongale was acting in her capacity as an employee of the U.S. Department of Veteran's Affairs "at all times material to the allegations" against her, Dkt. No. 1-1 at 2; the United States has therefore replaced Dr. Bongale as the defendant in this case, 28 U.S.C. § 2679(d)(1).

The United States moves to dismiss Kershaw's claims without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**Discussion**

Federal courts have "limited jurisdiction," and so they lack the "power" to retain a case unless the "Constitution or [a] statute" provides subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court therefore "must" dismiss a case when it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A motion to dismiss for lack of subject-matter jurisdiction may raise a "facial" challenge based on the allegations or a "factual" challenge based on evidence. *E.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

(9th Cir. 2004). The non-movant has the burden to show subject-matter jurisdiction exists. *E.g.*, *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 793 (N.D. Cal. 2011) (citing *Kokkonen*, 511 U.S. at 377).

The United States is "immune from suit save as it consents to be sued," *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and so federal courts lack subject-matter jurisdiction over a claim against the United States "if it has not consented to be sued on that claim," *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (citing *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988)). The United States, through the FTCA, consents to be sued on a tort claim "for money damages" only after the claimant has "first presented" the claim "to the appropriate [f]ederal agency" and that administrative claim has been "finally denied by" that agency, either expressly "in writing" or through "six months" of inaction. 28 U.S.C. § 2675(a). Federal courts therefore lack jurisdiction over a tort claim against the United States for money damages when that claim has not yet been presented to, and denied by, the appropriate federal agency.

The United States raises a factual challenge to jurisdiction here. The declaration of Suzanne C. Will ("Will") asserts: (1) she supervises the lawyers "responsible for the intake, investigation, processing, and adjudication" of FTCA claims submitted to the Department of Veteran's Affairs; (2) she has made "a diligent search of all paper and electronic files to determine if any administrative tort claim has been filed" against the Department of Veteran's Affairs on the basis of the care Kershaw received; (3) to the best of her "knowledge, information and belief, no administrative [*sic*] has been filed" against the Department of Veteran's Affairs by Kershaw; and (4) Kershaw sent a demand letter to Dr. Bongale, but that letter was "neither addressed . . . nor sent" to the Department of Veteran's Affairs. Dkt. No. 7-1 at 2. The United States therefore argues this court lacks jurisdiction over Kershaw's tort claims for money damages because Kershaw has not submitted an administrative claim to the Department of Veteran's Affairs. Kershaw failed to file an opposition to the motion to dismiss and failed to appear for the hearing on the motion.

The undersigned is persuaded the motion to dismiss should be granted for two independent

reasons: (1) Kershaw failed to carry his burden to show this court has jurisdiction over his claims, *see*, *e.g.*, *Fraley*, 830 F. Supp. 2d at 793; and (2) Will's uncontradicted declaration shows Kershaw has not submitted an administrative claim to the Department of Veteran's Affairs, *see* Dkt. No. 7-1 at 2, and so the uncontradicted evidence before this court shows that the United States has not yet consented to be sued on Kershaw's claims, *see* 28 U.S.C. § 2675(a), and this court therefore lacks subject-matter jurisdiction over those claims, *see*, *e.g.*, *Balser*, 327 F.3d at 907.

### Conclusion

The FTCA governs Kershaw's claims. The undersigned believes: (1) Kershaw has failed to carry his burden to show the motion to dismiss should not be granted; and (2) the uncontradicted declaration of Will shows that the FTCA does not currently grant this court subject-matter jurisdiction over Kershaw's claims, because Kershaw has not yet filed an administrative claim with the Department of Veteran's Affairs.

The undersigned has not, however, received consent to magistrate-judge jurisdiction from both parties. The undersigned therefore: (1) orders that this case shall be reassigned to a district judge; and (2) recommends that the motion to dismiss Kershaw's claims without prejudice for lack of subject-matter jurisdiction be granted. The court advises Kershaw that he has 14 days to file objections to this report and recommendation after he has been served with his copy.

**IT IS SO ORDERED, REPORTED, AND RECOMMENDED.**

Dated: 7/26/16

HOWARD R. LLOYD
United States Magistrate Judge